UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

MANPREET SINGH,

           Petitioner,

    v.

WARDEN, et al.,

           Defendant.

No. 1:26-cv-0197 WBS CSK

MEMORANDUM AND ORDER DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER

----oo0oo----

Petitioner Manpreet Singh is an Indian national who entered the United States unlawfully and without inspection on August 6, 2024.  (Docket No. 1 at 5.)  He was then detained by immigration officials and subsequently released on parole in October 2024.  (Id.)

Petitioner alleges he was re-detained upon a scheduled visit to the Fresno Immigration and Customs Enforcement office on November 21, 2025, and has been in custody since.  (Id.) Respondents have responded that "records maintained by immigration authorities do not indicate any specific reason for

1

Singh's re-detention" on that date.  (Docket No. 11 at 1-2.)

On February 17, 2026, petitioner filed the instant motion for a temporary restraining order, in which he requests that he be released from detention. (Docket No. 9.)  Petitioner argues that his release is warranted because his "prolonged detention," which has been in effect for approximately two months, violates the Due Process Clause.  (See id. at 2-3.)[1]

The length of an individual's detention, alone, is not determinative of whether detention violates the Due Process Clause.[2]  Determining whether prolonged immigration detention violates the Due Process Clause requires consideration of whether: (1) the petitioner's immigration proceedings have been infected with bad faith or undue delay by the agency; (2) the petitioner's detention is directly associated with a judicial review process that has a definite and evidently impending termination point, and is thus akin to detention during the administrative review process that was upheld by the Supreme Court; and (3) there is evidence that the petitioner is unremovable because the destination country will not accept him

---

[1]   Petitioner does not argue that his release is required by 8 U.S.C. § 1226.  In a series of cases, this court has explained why non-citizens like petitioner who entered the United States illegally are properly subject to mandatory detention pursuant to 8 U.S.C. § 1225.  See, e.g., Uulu v. Warden, --- F. Supp. 3d ----, 2026 WL 412204 (E.D. Cal. Feb. 13, 2026) (collecting this court's cases).

[2]   Even if the length of detention could, in and of itself, establish a violation of the Due Process Clause, petitioner's approximately two-month-long detention falls far short of the six-month immigration detention period the Supreme Court held to be presumptively constitutional in Zadvydas v. Davis, 533 U.S. 678 (2001).

or his removal is barred by our own laws.  Uulu v. Warden, --- F. Supp. 3d ----, 2026 WL 412204, at *7 (E.D. Cal. Feb. 13, 2026) (citation modified).

Petitioner has not provided any evidence that his "immigration proceedings have been infected with bad faith or undue delay."  Uulu, 2026 WL 412204, at *7.  Further, as respondents point out, petitioner's detention is "'directly associated with a judicial review process that has a definite and evidently impending termination point,' namely, asylum proceedings that he himself chose to initiate."  (Docket No. 11 at 4 (quoting Uulu, 2026 WL 412204, at *7).)  Lastly, there is no evidence that petitioner is unremovable for any reason or that his removal would be barred by our laws.  See Uulu, 2026 WL 412204, at *7.

Accordingly, for the foregoing reasons and the reasons set forth in Uulu, 2026 WL 412204, IT IS HEREBY ORDERED that petitioner's motion for temporary restraining order (Docket No. 9) be, and the same hereby is, DENIED.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262, this case is referred to the assigned magistrate judge for further proceedings.

Dated:  February 24, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

3