UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Manpreet Singh (A-221-157-421),<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX, et al.,<br><br>　　　　　　Respondents. | No. 1:26-cv-00197 WBS-CSK<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner Manpreet Singh (A-221-157-421), a native of India, has filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner entered the United States on August 6, 2024, was initially detained by U.S. Immigration and Customs Enforcement ("ICE") and released on October 23, 2024. On November 21, 2025, petitioner was re-detained by ICE during a check-in appointment and has been in continuous detention since this date. This habeas action concerns petitioner's re-detention. For the reasons that follow, the Court recommends granting the petition for a writ of habeas corpus and ordering petitioner's immediate release.

///

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

1

## I.      FACTUAL BACKGROUND

Petitioner is a 31-year old native of India.  (ECF No. 14 at 3.)  On August 6, 2024, petitioner entered the United States and was detained by ICE.   (ECF No. 14 at 4.)  On October 23, 2024, petitioner was released with conditions to participate in ICE check-ins.  (Id.) Thereafter, petitioner timely filed an application for asylum with the immigration court.  (Id.) Petitioner has not "engaged in any criminal conduct" and has not violated any conditions of his release, which respondents do not dispute.  (ECF No. 14 at 5; see ECF No. 18.)

On or about November 21, 2025, petitioner reported for an in-person check-in with ICE and was detained.  (ECF No. 14 at 4.)  Petitioner was not provided a pre-deprivation hearing or written notice.  (Id. at 5.)  Respondents do not contest petitioner's factual allegations.  (See ECF No. 18.)

## II.     PROCEDURAL BACKGROUND

On January 12, 2026, petitioner filed his petition for writ of habeas corpus.  (ECF Nos. 1, 2.)  On January 30, 2026, respondents timely filed an answer to the petition.  (ECF No. 7.)  On February 17, 2026, petitioner filed a motion for a temporary restraining order, which respondents opposed.  (ECF Nos. 9, 11.)  On February 24, 2026, the district judge denied the motion for a temporary restraining order, and referred the matter to the assigned magistrate judge.  (ECF No. 13.)  On March 20, 2026, petitioner filed a First Amended Petition and a second motion for a temporary restraining order.  (ECF Nos. 14, 15.)  On March 24, 2026, the district judge denied the second motion for a temporary restraining order, and again referred the matter to the assigned magistrate judge.  (ECF No. 16.)  This Court set a schedule for merits briefing.  (ECF No. 17.) On March 31, 2026, respondents timely filed an answer to the First Amended Petition, and on April 1, 2026, petitioner timely filed a traverse/reply.  (ECF Nos. 18, 19.)  Briefing is complete.

## III.    LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure

2

release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

**IV.     DISCUSSION**

Generally, noncitizens are subject to civil immigration detention only if the noncitizen presents a risk of flight or danger to the community. See Zadvydas, 533 U.S. at 690 (holding that 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention). Petitioner challenges his re-detention based on the following claims: (1) the Fifth Amendment substantive due process clause; (2) the Fifth Amendment procedural due process clause challenges petitioner's re-detention without a pre-deprivation hearing; and (3) a due process claim for "failure to consider less restrictive alternatives." (ECF No. 14 at 7-9.) Respondents do not argue that petitioner is a flight risk or a danger to the community and instead argue that as an "applicant for admission," petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2)(A) and that petitioner is not indefinitely detained. (ECF No. 18.) Respondents cite Avila v. Bondi, No. 25-3741, 2026 WL 819258 (8th Cir. Mar. 25, 2026) and Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026), in support of their position that § 1225(b)(2)(A) is applicable here. (Id. at 2.) Respondents also argue that petitioner "recycles arguments" the district court previously rejected. (Id.)

Generally, "decisions at the preliminary injunction phase do not constitute law of the case" because "a preliminary injunction decision is just that: preliminary." Ctr. for Biological Diversity v. Salazar, 706 F.3d 1085, 1090 (9th Cir. 2013) (quoting Ranchers Cattlemen Action Legal Fund United Stockgrowers of America v. U.S. Dep't of Agr., 499 F.3d 1108, 1114 (9th Cir. 2007)). "As most commonly defined, the [law of the case] doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." Arizona v. California, 460 U.S. 605, 618 (1983). "Law of the case

directs a court's discretion, it does not limit the tribunal's power." Id.

Here, in denying petitioner's second motion for a temporary restraining order, the district court concluded that 8 U.S.C. § 1225 applies to the petitioner as an "applicant for admission" who is present in the United States without having been admitted and therefore subject to mandatory detention. 3/24/2026 Order at 8-9, 11. The district court also concluded that petitioner failed to demonstrate a likelihood of success on the merits of his due process claim where the length of his detention for approximately four months has not been found to violate due process as prolonged by other courts and where petitioner's detention did not appear to be indefinite.[2] 3/24/2026 Order at 11-13. Other district courts and circuit courts agree with the district court as to the applicability of § 1225, though this is the minority approach. See, e.g., Avila v. Bondi, No. 25-3741, 2026 WL 819258 (8th Cir. Mar. 25, 2026); Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026).

In contrast, in other similar cases, this Court has previously and consistently found that re-detention of a noncitizen previously released by immigration authorities and present in the United States without a pre-deprivation hearing violates the noncitizen's due process rights and violates the INA. See, e.g., Mansare v. Wofford, 1:26-cv-0433 DJC CSK, 2026 WL 764765 (E.D. Cal. Mar. 18, 2026), findings and recommendations adopted, 2026 WL 828502 (E.D. Cal. Mar. 25, 2026); Tang v. Noem, 1:26-cv-01333 TLN CSK, 2026 WL 670353 (E.D. Cal. Mar. 10, 2026), findings and recommendations adopted, 2026 WL 766499 (E.D. Cal. Mar. 18, 2026). This Court follows the majority of federal courts. See, e.g., Barbosa da Cunha v. Freden, No. 25-3141, 2026 WL 1146044 (2d Cir. Apr. 28, 2026) ("Today, although we part ways with two other circuits that have addressed this question, we join the overwhelming majority of federal judges across the Nation to consider it and conclude that the government's novel interpretation of the immigration statutes defies their plain text."); Lopez-Campos v. Raycraft, et al., 2026 WL 1283891, at *1 (6th Cir. May 11, 2026); Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, No. 25-14065, 2026 WL 1243395 (11th Cir. May 6, 2026); Castañon-Nava v. U.S. Dep't of Homeland Sec., 161 F.4th

---

[2]   As to petitioner's procedural due process claim,

4

1048, 1060-62 (7th Cir. 2025). This Court recognizes that the issues presented in this habeas petition and thousands of other similar petitions in this district and across the country are complex, and have resulted in a circuit split. At this time, there is no binding authority on district courts in the Ninth Circuit where neither the Ninth Circuit nor the Supreme Court have decided the issues.

It is unclear to this Court whether law of the case applies here. To the extent law of the case does apply, the district court's prior conclusions would result in denial of the habeas petition. Assuming law of the case does not apply, for the reasons stated in Mansare v. Wofford, Tang v. Noem, and other similar cases, this Court respectfully disagrees as to the determination that § 1225 applies to the petitioner. This Court recommends granting the habeas petition on the procedural due process claim[3] and ordering petitioner's immediate release where he was previously released by immigration authorities into the United States in October 2024, was permitted to live in the United States for over one year on release, and complied with his release conditions. In light of the Court's recommendation that petitioner's requested relief be granted on the procedural due process claim, petitioner's remaining habeas corpus claim (claims one and three) need not be resolved.[4]

///

///

[3]  There appears to be some confusion between how the claims are presented in petitioner's second motion for a temporary restraining order and the First Amended Petition. This Court's review is of the First Amended Petition on the merits. The procedural due process claim in the First Amended Petition challenges petitioner's re-detention without a pre-deprivation hearing. (ECF No. 14 at 8-9.)

[4]  This Court expressly notes that it is not addressing the length of petitioner's detention and whether such detention is prolonged or indefinite where petitioner does not challenge the length of his detention as prolonged or indefinite in the First Amended Petition. See Zadvydas, 533 U.S. at 690 ("A statute permitting indefinite detention of an alien would raise a serious constitutional problem.") (detention of noncitizen after final order of removal pursuant to 8 U.S.C. § 1231(a)(6)); Black v. Decker, 103 F.4th 133 (2d Cir. 2024) (indefinite detention of noncitizen violates due process) (detention of noncitizen pursuant to 8 U.S.C. § 1226(c)). Therefore, if petitioner remains detained, petitioner is not barred from filing a separate habeas petition challenging his detention as prolonged or indefinite where such a claim was not raised in the First Amended Petition or ripe at the time the petition was filed.

## V.    CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  The petition for writ of habeas corpus (ECF No. 1) be GRANTED.

2.  Respondents be ordered to IMMEDIATELY release petitioner Manpreet Singh (A-221-157-421) and be ordered to provide petitioner with a copy of the release order at or near the time of release.  If respondents have custody of petitioner's documents (e.g., identification, passport, work permit, Social Security card, etc.), respondents shall return those to petitioner at the time of release.  Respondents be ENJOINED AND RESTRAINED from re-detaining petitioner unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.  Petitioner shall be allowed to have his counsel present at any such hearing.  **This injunction does not address other circumstances where detention authority is established under different authority than what is presented in this case** (e.g., 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231).

3.  The Clerk of the Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within **seven** days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 22, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/sing.0197.26.frs-merits

6