UNITED STATES DISTRICT COURT

THE EASTERN DISTRICT OF CALIFORNIA

MANPREET SINGH (A-221-157-421),

Petitioner,

v.

WARDEN OF THE GOLDEN STATE ANNEX, et al.,

Respondents.

No. 1:26-cv-00197 WBS-CSK

ORDER

Petitioner, an immigration detainee proceeding through counsel, filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner filed his first motion for temporary restraining order approximately one month after he filed his petition for habeas corpus. (Docket No. 9.) On February 24, 2026, the court denied petitioner's first motion for temporary restraining order on the grounds that he was unlikely to succeed on the merits of his claim that his detention violated the Due Process Clause. (See Docket No. 13.) One month later, petitioner filed a second, duplicative motion for temporary restraining order (Docket No. 15), which the court denied for the same reasons it denied his first motion for temporary restraining order (see Docket No. 16).

The matter then was referred to a United States Magistrate Judge pursuant to 28 U.S.C. §

636(b)(1)(B) and Local Rule 302. On May 22, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days. Respondents filed objections to the findings and recommendations. Petitioner timely replied. This court was not notified of the findings and recommendations until today, July 15, 2026, one day after petitioner requested a ruling on them.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, for the following reasons, the court accepts the findings of the magistrate judge as they relate to the underlying facts, but cannot adopt the magistrate judge's recommendation as to the decision on the merits of petitioner's petition.

In several other cases, this court has in recent days found that continued detention after the court's denial of a petitioner's application for temporary restraining order amounted to a violation of due process, because of the unexplained reason for the delay. See Jaskaran Singh v. Chestnut, et al., No. 1:26-cv-0332 WBS CSK, 2026 WL 2031902 (E.D. Cal. July 14, 2026); D.M.R.D. v. Andrews, et al., No. 1:26-cv-0081 WBS CSK, 2026 WL 2031911 (E.D. Cal. July 14, 2026); Choudhary v. Albarran, et al., No. 1:26-cv-0119 WBS CSK, 2026 WL 2031900 (E.D. Cal. July 14, 2026); Sehajpreet Singh v. Cruz, et al., No. 1:26-cv-0141 WBS CSK, 2026 WL 2031903 (E.D. Cal. July 14, 2026); Chandeep Singh v. Noem, et al., No. 1:26-cv-00224 WBS-CSK, 2026 WL 2031905 (E.D. Cal. July 14, 2026).

This case is unlike those, however, because petitioner here has explained the reason for the delay. By petitioner's own admission, his immigration proceedings appear to be moving forward in due course, as evidenced by the fact that his determinative asylum hearing is currently scheduled for July 17, 2026. (See Docket No. 23 at 2.) This fact is incompatible with a finding of bad faith or undue delay. See Uulu v. Warden, 820 F. Supp. 3d 1113, 1122 (E.D. Cal. 2026) (Shubb, J.) (collecting cases); see also, e.g., Zadvydas v. Davis, 533 U.S. 678, 690, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001) ("A statute permitting indefinite detention of an alien would raise a serious constitutional problem."). Further, petitioner's detention is "directly associated with [the]

judicial review process" of his application for asylum, and is thus akin to "detention during the administrative review process," which the Supreme Court has found to be constitutional. See id.

Accordingly, for the foregoing reasons and for the reasons the court set forth in its orders denying petitioner's motions for temporary restraining orders (Docket Nos. 13, 16), the court will deny petitioner's petition for habeas corpus.

IT IS HEREBY ORDERED that:

1. The petition for writ of habeas corpus (ECF No. 1) is DENIED.

2. The Clerk of Court is directed to enter judgment in favor of respondents and close this case.

Dated: July 15, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

/sing0197.805.hc.2241.imm.RELEASE